UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
JOSUE CRUZ                    :    Civil No. 3:22CV00347(SALM)
                              :
v.                            :
                              :
DR. NAQVI, RCOO SHEA, and     :    October 3, 2022
APRN SCHAUER                  :
                              :
------------------------------X
```

## SCHEDULING AND CASE MANAGEMENT ORDER

This matter is brought by plaintiff as a self-represented detainee in the custody of the Connecticut Department of Correction ("DOC"), asserting claims against employees of the State of Connecticut relating to events occurring during plaintiff's detention. An Initial Review Order has been entered, permitting the Complaint to proceed to service of process on certain claims. See Doc. #18. Counsel filed an appearance for "defendants RCOO Shea, Dr. Naqvi, and APRN Schauer ... in their individual capacities" on September 23, 2022. Doc. #31 at 1.

In order to assist in the efficient prosecution of this matter, the Court hereby enters the following Orders.

The deadlines set by this Order, and by the Local and Federal Rules of Civil Procedure, **may not be modified by agreement of the parties**. Any modification to the otherwise applicable deadlines must be requested by motion, and must be approved by the Court.

1

1.   **PRESERVATION OF EVIDENCE**

Counsel for defendants shall **immediately** confer with each individual defendant and with staff at the correctional facility or facilities at which the events underlying the claims in the Complaint occurred and direct the defendants and staff to preserve any video recordings, whether made by stationary, surveillance, or handheld cameras, and any photographs, that may have captured the events giving rise to the Complaint. **Failure to preserve relevant video recordings or photographs may result in the imposition of sanctions.** Such materials need not necessarily be produced at this time, but must be preserved.

2.   **MATERIALS TO BE PROVIDED BY PLAINTIFF**

On or before **November 3, 2022,** the self-represented plaintiff shall provide the following materials to counsel for defendants:

- A list of any witnesses believed to have relevant information regarding the claims in the Complaint.
- A damages analysis, that is, a statement of any money damages claimed and the basis for such claims. The damages analysis must state the type of harm the plaintiff suffered, and the basis for any demand for financial compensation for the harm.
- A statement of any non-monetary relief sought by plaintiff.

- Copies of any grievances, complaints, notices, reports or correspondence in plaintiff's possession that relate to the claims in the Complaint.

3.  **MATERIALS TO BE PROVIDED BY DEFENDANTS**

On or before **November 3, 2022,** counsel for defendants shall provide the following materials to the self-represented plaintiff:

- A list of any witnesses believed to have relevant information regarding the claims in the Complaint.
- Copies of any grievances, complaints, notices, reports filed by the plaintiff, or correspondence from the plaintiff, in the possession of any individual defendant or the DOC that relate to the claims in the Complaint.
- Copies of any incident reports, reports of investigation, disciplinary reports, or similar reports in the possession of any individual defendant or the DOC relating to the claims in the Complaint.
- A copy of the plaintiff's DOC medical records related to each of the defendants' involvement in plaintiff's care, for the relevant time period set forth in the Complaint and/or the Initial Review Order.

If redactions are made to any materials disclosed, the

disclosure must be accompanied by a privilege log indicating the basis for the redactions.

## 4. STATEMENTS OF COMPLIANCE

Within 15 days of the deadline for the production required by Sections 2 and 3 above, that is, on or before **November 18, 2022,** each party shall file a notice on the docket indicating whether the production required has been (a) provided by that party, and (b) received by that party from the opposing party.

## 5. OBJECTIONS

If any party seeks to be relieved from any of the initial requirements of this Order, a motion explaining the relief sought and the basis for that relief must be filed **within ten days of the docketing of this Order.**

The Court may modify or waive any portion of this Order, in its discretion, upon motion or sua sponte.

## 6. EARLY DISPOSITIVE MOTIONS/STAY OF DISCOVERY

Each defendant shall promptly determine whether there is a basis to dismiss this action, in whole or in part, for any reason, including but not limited to the following: (a) failure to exhaust administrative remedies; (b) lack of jurisdiction; or (c) previous release of some or all claims at issue. If a defendant believes that dismissal of the Complaint, in whole or in part, is warranted, an appropriate motion shall be filed on or before **November 18, 2022.**

If a defendant believes that there is a sound basis to assert that the matter should be dismissed for failure to exhaust administrative remedies, but that such a question must be determined by a motion for summary judgment rather than a motion to dismiss, defendant may file a preliminary motion for summary judgment on or before **November 18, 2022, on that issue.** The filing of a preliminary motion for summary judgment on the issue of exhaustion will not preclude the filing of a full motion for summary judgment at a later date.

The filing of a well-pleaded early dispositive motion under this provision by the deadline of **November 18, 2022,** will automatically stay any and all discovery other than the disclosures required by this Order.

If no early dispositive motion is filed, discovery will proceed in accordance with the Federal Rules of Civil Procedure. **Discovery will <u>not</u> be automatically stayed during the pendency of any motion to dismiss or other dispositive motion filed <u>after</u> the deadline set by this Order.**

If no early dispositive motion is filed, each defendant must file an Answer to the Complaint on or before **November 18, 2022.** This Order grants generous extensions of the ordinary deadlines for the filing of a response to a Complaint. Accordingly, **the Court does not anticipate granting any extensions of these deadlines.**

**7.     DISCOVERY AND DISPOSITIVE MOTIONS**

No discovery requests may be **propounded** until **November 28, 2022.** If an early dispositive motion is not filed by December 9, 2022, the parties may commence written discovery.

All discovery will be **completed** (not propounded) by **September 15, 2023.** In order to ensure that this deadline is met, all written discovery requests must be **propounded** on or before **May 17, 2023.**

**Discovery Relating to Expert Witnesses**: If either party intends to call an expert witness, a notice of that intent shall be filed on or before **May 17, 2023.**

**Motions to Compel**: Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed **within 30 days after the response was due under the Rules of Civil Procedure**. Ordinarily, that will mean any motion to compel must be filed **within 60 days of the service of the request.** If the Court has previously expressly granted an extension of the deadline for serving the response at issue, any motion to compel must be filed **within 30 days of the extended response deadline.**

If the parties are negotiating in good faith in an attempt to resolve the discovery dispute, a motion to extend this deadline may be filed. Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of

6

the right to file a motion to compel. Any motions relating to discovery must comply fully with the Local Rules, as well as the Federal Rules of Civil Procedure. **Counsel and the self-represented plaintiff are directed to review Local Rule 37 before filing any discovery motion**. A copy of that Rule is attached. Failure to comply with the Local and Federal Rules, and with this Order, may result in summary denial of any such motions.

**Dispositive Motions**: Any motion for summary judgment or for judgment on the pleadings must be filed no later than **October 17, 2023.** If neither party files a dispositive motion by this date, a pre-trial conference will be scheduled to determine whether counsel will be appointed for trial, and to set deadlines for the filing of a joint trial memorandum and motions in limine.

8.   **STATUS REPORTS**

Counsel for each defendant and the self-represented plaintiff shall file separate status reports on or before **December 2, 2022.** Each report must address the matters that are relevant to the case at the time and provide each of the following items:

  **(1)** a detailed description of the discovery conducted up to the date of the report, and any significant discovery yet to be completed;

**(2)** the remaining deadlines set in the case, and whether the party filing the status report expects to seek any extensions of those deadlines;

**(3)** whether the party filing the status report expects to file any dispositive motions;

**(4)** whether the party filing the status report consents to the jurisdiction of a Magistrate Judge for all purposes, including trial; and

**(5)** whether the party filing the status report seeks referral for a settlement conference. Counsel for defendants must confirm that she or he has <u>expressly</u> discussed this question with each defendant and a DOC representative within the 30-day period preceding the filing of <u>each</u> status report.

Separate status reports addressing each of these matters shall be filed **every two months** thereafter until the matter is resolved, that is, on **February 2, 2023; April 3, 2023; June 2, 2023;** and corresponding dates in the future if this case has not been resolved.

**9.   EXTENSIONS OF TIME**

All dates set forth in this Order are firm and will be extended only for good cause. The good cause standard requires a particularized showing that, despite due diligence, the party seeking the extension could not comply with this Order. Because

8

of the importance of the discovery deadline to the entire schedule, motions to extend the discovery deadline will be viewed with disfavor. A motion to extend the discovery deadline will not be granted unless the movant shows that discovery was commenced promptly and pursued with due diligence in a good faith effort to comply with the deadline established by this order. **Any motion for extension of a deadline must comply with Local Rule 7,** a copy of which is attached to this order.

**Counsel for defendants shall provide each named defendant with a copy of this Order within ten (10) days.**

It is so ordered this 3rd day of October, 2022, at Bridgeport, Connecticut.

                                                                       /s/
                                            HON. SARAH A. L. MERRIAM
                                            UNITED STATES CIRCUIT JUDGE
                                            Sitting by Designation