UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSUE CRUZ,<br>    Plaintiff, | : | |
| | : | |
| v. | : | 3:22-cv-347 (OAW) |
| | : | |
| NAQVI, et al.,<br>    Defendants. | : | |

### RULING ON DEFENDANTS' PRELIMINARY MOTION FOR SUMMARY JUDGMENT[1]

**THIS ACTION** is before the court upon Defendants' Preliminary Motion for Summary Judgment and memorandum in support thereof (together, "Motion"). *See* ECF Nos. 36 and 36-1. The court has reviewed Plaintiff's Verified Complaint, ECF No. 1, the Motion, Defendants' Statement of Facts ("Defendants' SOF"), ECF No. 36-2, Plaintiff's responsive documents, ECF Nos. 38, 47–48, all exhibits, and the record in this matter, and is thoroughly advised in the premises. After review, the court concludes that the Motion must be **DENIED.**

### I.   BACKGROUND[2]

Plaintiff is a detainee of the Connecticut Department of Correction ("DOC"). At all relevant times, he was housed at MacDougall-Walker Correctional Institution ("MacDougall"). In his complaint (which is the operative pleading in this action),[3] he

---

[1] In a scheduling order dated October 3, 2022, the court (Hon. Sarah A. L. Merriam, J.) permitted Defendants to file a preliminary motion for summary judgment if "there is a sound basis to assert that the matter should be dismissed for failure to exhaust administrative remedies . . . ." ECF No. 34 at 5. Pursuant to that order, the filing of the Motion stayed all discovery in this action. *Id.*

[2] The page numbers cited in this ruling refer to the page numbers assigned by CM/ECF (the court's electronic case filing system) and not to the page numbers of the original documents, if any.

[3] Plaintiff filed an amended complaint as well, ECF No. 22, which the court rejected, ECF No. 27.

1

asserts multiple claims against several DOC employees under 42 U.S.C. § 1983 for deliberate indifference to certain medical needs arising from several injuries Plaintiff sustained to his thumb and ankle. *See generally* ECF No. 1. After initial review, the case proceeded to service on Fourteenth Amendment claims against RCOO Shea, APRN Sachour, and Dr. Naqvi in their individual capacities for damages. ECF No. 18.

Pursuant to the court's scheduling order, the defendants timely filed the Motion, arguing that all extant claims should be dismissed on procedural grounds. Plaintiff has filed three documents responsive to the Motion: (1) a statement, ECF No. 38; (2) a "Motion of Memoranda Rule 37 Accordance to Rule 7," ECF No. 47;[4] and (3) a "Motion 36 to Accept or Deny," ECF No. 48. The court construes these as an opposition brief and supplements thereto.

But Plaintiff has not filed a response to the Defendants' SOF, as is required by Local Rule 56(a).[5] Self-represented litigants are not absolved of their obligation to file a Rule 56(a)2 statement.[6] *Wu v. Nat'l Geospatial Intel. Agency*, No. 3:14-cv-01603 (DJS), 2017 WL 923906, at *2 (D. Conn. Mar. 8, 2017) (noting in the context of a *pro se* plaintiff's failure to submit a Local Rule 56(a)2 statement that "*pro se* parties are not excused from

---

[4] Plaintiff appears to have been confused by the court's attachment of Local Rules 7 and 37 to its scheduling order. *See* ECF No. 34-1 (Local Rule 7); ECF No. 34-2 (Local Rule 37). The court appreciates his attempt to comply with court orders, and so will not strike the filings entirely, but will deny them as moot and review them in connection with the Motion.

[5] The court does not construe any of Plaintiff's responsive filings as a responsive statement of facts because they fail to comply with Local Rule 56(a)3's requirement that "each denial in an opponent's Local Rule 56(a)2 Statement" be "followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial." *See* Local Rule 56(a)2–3.

[6] Defendants informed Plaintiff of the Local Rule 56(a) requirements in a Notice to *Pro Se* Litigant. *See* ECF No. 36-3.

abiding by the Federal Rules of Civil Procedure.") (quoting *Collins v. Experian Credit Reporting Serv.*, No. 3:04CV1905(MRK), 2006 WL 2850411, at *1 (D. Conn. Oct. 3, 2006)).  Thus, Defendants' alleged facts are deemed admitted for purposes of this motion where they are supported by cited evidence.[7]  *See Small v. Clements*, No. 3:18-cv-01731 (KAD), 2019 WL 5727388, at *1, n.1 (D. Conn. Nov. 5, 2019) (deeming uncontroverted facts admitted where a litigant failed to file a responsive statement of facts).

Consequently, it is undisputed that from November 1, 2019, through March 31, 2022, Plaintiff filed thirteen grievances pursuant to Administrative Directive 8.9, which outlines the process inmates must follow to seek review of DOC's care of an inmate's health.  ECF No. 36-2 ¶¶ 2, 6.  The dispositions of these grievances were as follows:

One medical grievance was received on February 18, 2021 (No. 30406), but has not been located in the MacDougall records.  *Id.* ¶¶ 7-8; ECF No. 36-5 at 2.  The Administrative Remedies log shows that this grievance concerned the expiration of Plaintiff's blood pressure medication and that it was returned without disposition.  ECF No. 36-2 ¶ 8; ECF No. 36-5 at 2.  It is not clear why.

Another grievance (No. 137-30051-21) was received on February 23, 2021, and it complained about medical staff's failure to address Plaintiff's blood pressure needs, but this, too, was returned without disposition for failure to show that Plaintiff had attempted to informally resolve his problem by attaching an inmate request form,[8] and apparently

---

[7] Local Rule 56(a)1 provides: "Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party in accordance with this Local Rule, or the [c]ourt sustains an objection to the fact."

[8] Of note, under the version of Directive 8.9 that was in effect in February 2021, it apparently was not even an option to return a healthcare-related grievance without disposition (and it is not even listed as a disposition option for administrative issues), nor was it required to attach the informal resolution form.  *See*

also for submitting a copy of his grievance (instead of the original).[9]  ECF No. 36-2 ¶ 8; ECF No. 36-5 at 2.

In October 2021,[10] DOC staff rejected four of Plaintiff's grievances related to health services.  ECF No. 36-2 ¶¶ 9-13.  Two (No. 137-649-2021, which complained that nursing staff failed to treat Plaintiff's ankle, and No. 137-650-2021, which related to health services for Plaintiff's prostate) were submitted on the wrong form in noncompliance with a new version of the relevant directive.[11]  *Id.* ¶¶ 9-10.  Two others (No. 137-741-2021 and No. 137-742-2021, which alleged with a failure to call him for sick call regarding his prostate condition, and his ankle pain, respectively), which were written on the correct form and were received on October 23, 2021, still were rejected because Plaintiff checked both the "Diagnosis/Treatment" box and the "Administrative" box to indicate his reason for filing the form.  ECF No. 36-2 ¶¶ 12–13; ECF No. 36-6 at 11.[12]

Plaintiff's five subsequent grievances were all received on December 27, 2021, and rejected the next day on December 28, 2021.  ECF No. 36-2 ¶¶ 14-19.  One (No. 114-1187-2021), complained that Plaintiff had waited over a month for a flu shot but did

---

ECF No. 36-8. Such a form (or an explanation for its absence) was a requirement for a grievance against custody staff under the version of Administrative Directive *9.6* in effect at that time. *Taveras v. Semple*, No. 3:15CV00531(SALM), 2023 WL 112848, at *5 (D. Conn. Jan. 5, 2023). Although Plaintiff's grievance was logged as being medically related, Plaintiff was not informed that he was required to proceed under the steps provided by Directive 8.9.  *See* ECF No. 36-5 at 2.

[9] There is nothing in the relevant version of Administrative Directive 8.9 requiring original forms. ECF No. 36-8.  It is the subsequent version that notes that photocopies will not be accepted.  ECF No. 36-7.

[10] It appears that Plaintiff's hiatus from filing grievances is the result of DOC staff punishing him by banning him from filing grievances for three months. ECF No. 48.

[11] Although the substance of the grievances clearly dealt with treatment of Plaintiff's ankle and prostate, Plaintiff had checked the box indicating he was filing a non-medical grievance under Administrative Directive 9.6. ECF No. 36-2 ¶ 10.  ECF No. 36-6 at 7, 9.

[12] The relevant version of Administrative Directive 8.9 does state that each discrete grievance must be filed on a discrete form, but it does not state that both boxes may not be checked, as in cases where a particular issue raises both diagnostic and administrative concerns. ECF No. 36-7.

not know when he might receive one.  ECF No. 36-6 at 17.  That grievance was rejected for the stated reason that Plaintiff could file a different form to inquire whether he was on the list of inmates due to receive a flu shot.  *Id.* at 18; ECF No. 36-2 ¶ 15.  The rejection of another complaining about not being called for sick call for his groin abscesses (No. 114-1188-2021), was rejected because it became moot when nursing sick call saw Plaintiff on December 23, 2021, and a medical provider saw him on December 22, 2021 (two weeks after Plaintiff filed this grievance).  ECF No. 36-2 ¶ 17.  A third grievance complaining that Plaintiff had not yet received a COVID booster shot (No. 114-1189-2021) advised him that he was on the list for his booster and to be patient.[13]  *Id.* ¶ 16.  Two others (No. 114-1190-2021, in which he complained that a correctional staff member had failed to follow proper procedure by completing an incident report for a medical event[14] in Plaintiff's presence, and No. 114-1191-2021, in which he complained that he had not received a copy of that incident report), were rejected because Plaintiff had checked the "Diagnosis/Treatment" box, which apparently was the incorrect box for both grievances.  *Id.* ¶¶ 18–19.

On January 21, 2022, two duplicate grievances (No. 114-1286-2021 and 114-1295-2021) alleging mistreatment by nursing staff while dispensing medication were rejected for the stated reasons that Plaintiff had incorrectly checked the "Diagnosis/Treatment" box.  *Id.* ¶ 20-21.

---

[13] The court notes that Plaintiff filed two grievances dealing with vaccinations on the same form, but one of these apparently should have been filed on a different form.  The court can discern no reason for the difference in response.

[14] Plaintiff's ankle gave out underneath him, causing him to fall and to sustain an injury.

## II. STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of proving that no genuine factual disputes exist. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Id.* This means that "although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). Put another way, "'[i]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party,' summary judgment must be denied." *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315–16 (2d Cir. 2006) (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir.2002)).

A party who opposes summary judgment "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty of Orange*, 84 F.3d 511, 518 (2d Cir. 1996). Thus, even if a nonmoving party offers counterevidence, summary judgment yet may lie if a jury could not return a verdict for the nonmoving party on the basis of that evidence. *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 726–27 (2d Cir. 2010).

## III.     DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust administrative remedies prior to filing a federal lawsuit regarding prison conditions.[15]  42 US.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").  Defendants argue that Plaintiff has failed to satisfy this requirement, and so the entire lawsuit must be dismissed.

Section 1997e(a) requires exhaustion of any available administrative remedies, regardless of whether they provide the relief the inmate seeks. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  A claim is not exhausted until the inmate complies with all administrative deadlines and procedures, as laid out in relevant prison directives. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

A prisoner need only exhaust *available* administrative remedies, though.  *Ross v. Blake*, 578 U.S. 632, 642 (2016).  This means that "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'"  *Id.* (quoting *Booth*, 532 U.S. at 738).  Thus, even where an administrative remedy is "officially on the books," it still may be unavailable such that failure to use it is not fatal to an inmate's suit.  *Id.* at 642.  The Supreme Court of the United States has recognized three circumstances in which an administrative remedy is

---

[15] Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

unavailable: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) when a procedure is "so opaque that it becomes, practically speaking, incapable of use;" and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643–44. "Whether an administrative remedy was available to a prisoner in a particular prison or prison system is ultimately a question of law, even when it contains factual elements." *Hubbs v. Suffolk Cty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015).

Here, Plaintiff presents no opposition to Defendants' argument that he failed to fully comply with the remedy procedure under Administrative Directive 8.9 before filing his complaint. Instead, Plaintiff asserts that his efforts to exhaust his administrative remedies were thwarted by DOC staff. Plaintiff's verified complaint also alleges that he received no responses to resolve his medical grievances. ECF No. 1-1 at 3. Plaintiff claims that on October 22, 2022, a DOC staff member informed him that she had disregarded and thrown out Plaintiff's grievances, and she intended to continue doing so. ECF No. 38. Plaintiff attached a statement from another inmate who confirms this allegation. ECF No. 38-1. Such unsworn statements about a third party's out-of-court statement generally cannot be relied upon to defeat a motion for summary judgment absent a showing that admissible evidence will be available at trial. *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 924 (2d Cir. 1985). But this preliminary motion for summary judgment precedes discovery under the court's

scheduling order, and so the court will accept the statement as reviewable evidence at this point. Even ignoring this statement, though, the record reflects that all of Plaintiff's grievances about his health services were rejected or returned without disposition, and Plaintiff alleges he was barred from filing grievances for three months, which facts support his assertion. Thus, the court finds that Plaintiff adequately has alleged that administrative remedies were not available to him because DOC staff was unable or unwilling to provide him with any relief; the administrative remedy procedure was so opaque that it could not be followed; and/or prison staff thwarted Plaintiff from taking advantage of a grievance process through machination, misrepresentation, or intimidation. *See Ross*, 578 U.S. at 642–644.

Consequently, the court must deny the preliminary motion for summary judgment, though without prejudice to refiling another after the conclusion of discovery.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Preliminary Motion for Summary Judgment, ECF No. 36, is **DENIED without prejudice**.

2. Discovery shall commence immediately and be completed on or before **September 30, 2024;** additional motions for summary judgment shall be filed on or before **November 29, 2024.**

IT IS SO ORDERED at Hartford, Connecticut this 28th day of March, 2024.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE